USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6-10-16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MATTHEW SERY,

                Plaintiff,

- against -

DAVID MEDINA, et al.,

                Defendants.

**ORDER AND OPINION**

13-CV-165 (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I.    INTRODUCTION

On December 23, 2015, the Court found that Plaintiff Matthew Sery ("Sery") was entitled to judgment in the amount of $430,000, plus $138,306.99 in interest, as well as reasonable attorneys' fees, pending Sery's application for fees and costs supported by evidence. (Doc. No. 78.) Sery filed a Motion for Attorneys' Fees on January 15, 2016, seeking $182,021.16 in aggregate costs and legal fees. (Doc. No. 88, duplicate motions at Doc. Nos. 79, 82.) For the following reasons, Sery's motion for fees and costs is **GRANTED** in part and **DENIED** in part. **The Court finds that Sery is entitled to $28,240.00 in fees and $7,032.46 in costs.**

## II.    BACKGROUND

Sery initiated this action against Defendants David Medina, Alex Tapia, and 3D Music Group LLC (collectively, "Defendants") on January 8, 2013, by his counsel Jalila Bell of the McFadin Law Group. (Doc. No. 1.) On March 4, 2013, Sery filed a Notice of Substitution of Attorney, and solo practitioner Wallace Collins, III ("Collins") entered an appearance as Sery's counsel of record. (Doc. Nos. 3, 4.) Collins acted as Sery's counsel during discovery and through a two-day bench trial, held on February 25 and 26, 2015.

The facts of Sery's claims are set forth in detail in the Court's December 23, 2015 Opinion & Order. *See generally* (Doc. No. 78); *Sery v. Medina*, 13-CV-165 (RLE), 2015 U.S. Dist. LEXIS 171418 (S.D.N.Y. Dec. 23, 2015). Sery prevailed on his claim for breach of contract, demonstrating that he was entitled to $430,000, plus 10% interest per annum from October 5, 2012. (Doc. No. 78.) Because the underlying contract contained a provision requiring Defendants to "pay all costs of collection and reasonable attorney's [sic] fees," the Court found that Sery was entitled to an award of reasonable attorneys' fees, pending his fee application. (Doc. No. 78.)

On January 15, 2016, Sery filed his fee application, seeking a total of $182,021.16 in attorneys' fees and costs. (Doc. No. 88.) In support of his application, he submitted a declaration from his attorney, Collins, which included, as exhibits, (1) a letter confirming Sery's engagement of Collins's services; (2) an "hourly calculation of the time" Collins incurred during the discovery phase of the litigation; (3) an amended engagement letter; and (4) a series of checks and wire transfers from Sery to Collins, and (5) several invoices for deposition transcripts. (Doc. No. 89, Ex. 1-4.) Sery also included an affidavit from himself, alleging that he paid Collins $166,000 "by way of retainer deposits and replenishments for legal services and related costs." (Doc. No. 90.) He further alleged that he incurred $16,021.16 in costs and other expenses, including $8,402.50 in legal fees to the predecessor law firm in this case, the McFaden Law Group. (*Id.*) To his affidavit he attached as exhibits invoices demonstrating various costs, including those paid to the McFaden Law Group, a series of private investigators, and couriers. (*Id.*, Ex. 1-3.) Defendants did not submit an opposition to Sery's fee application.

### III.     DISCUSSION

#### A.     Applicable Law

Under New York Law, which governs the contract at issue in this case, the Court must determine whether the legal fees actually paid by prevailing party are reasonable. *F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1251, 1263 (2d. Cir. 1987) (citing *Equitable Lumber Corp. v. IPA Land Development Corp.*, 38 N.Y.2d 516, 521-524 (1976) ("'it may be necessary to look beyond the actual fee arrangement between plaintiff and counsel to determine whether that arrangement was reasonable,' … or whether it was grossly disproportionate to the arrangement the plaintiff would have been expected to make with counsel in the absence of a fee-shifting agreement"); *accord. CARCO GROUP, Inc. v. Maconachy*, 718 F.3d 72, 86 (2d Cir. 2013). In determining the appropriate amount of attorneys' fees to award, the Court must calculate the "presumptively reasonable fee" by multiplying a reasonable hourly rate by the reasonable number of hours worked. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110, 117-18 (2d Cir. 2007), *amended on other grounds*, 522 F.3d 182 (2d Cir. 2008).

A "reasonable hourly rate is the rate a paying client would be willing to pay." *McDaniel v. County of Schenectady*, 595 F.3d 411, 414 (2d Cir. 2010). The factors relevant to this determination include: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and

length of the professional relationship with the client; and (12) awards in similar cases." *Arbor Hill*, 493 F.3d at 114 n.3 (internal quotation marks omitted). Furthermore, this Circuit has affirmed the "forum rule," whereby a district court will award fees at the going rate in the district in which the court sits. *Simmons*, 575 F.3d at 174. The burden is on the party seeking attorneys' fees to submit sufficient evidence to support the hours worked and the rates claimed. *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

In the Second Circuit, a party seeking an award of attorneys' fees must support its application by submitting time records that detail "for each attorney, the date, hours expended, and the nature of the work done." *N.Y. State Assoc. for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1154 (2d Cir. 1983). "*Carey* establishes a strict rule from which attorneys may deviate only in the rarest of cases." *Scott v. City of New York*, 626 F.3d 130, 133 (2d Cir. 2010). When determining the reasonableness of the hours expended by counsel, the Court considers "the value of the work product of the specific expenditures to the client's case." *Luciano v. Olsten Corp.*, 109 F.3d 111, 116 (2d Cir. 1997) (citations omitted). Moreover, the Court should reduce the lodestar calculation by any amount of time it deems unreasonable. *See Quarantino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1998) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

**B.     Sery's Application**

    **1.     Attorney Collins's Fees**

Sery seeks an award of $166,000.00 for fees and costs paid to Collins throughout the litigation. In his declaration to the Court, Collins explains:

> My client made payments to me by way of retainer deposits pursuant to an engagement letter arrangement. Legal fees were originally charged on an hourly basis stated in the engagement letter at a rate of $400 per hour (increased to $500 for court room appearances) …

4

> Even though I did not charge for all the hours actually incurred, as the case progressed the client and I did agree to flat fee payments for the final stages of the work to make it more affordable. ... In most instances the costs (e.g. filing fees, process servers, depositions, and court reporters) were paid by me and deducted from the retainer deposit amounts paid to me by my client. **Therefore, rather than engage in the exercise of calculating costs separate from the legal fees paid, I have simply set forth the actual amounts paid by my client to me.**

(Doc. No. 89, ¶ 2-3 (emphasis added).) Collins's accounting methods make it nearly impossible for the Court to determine the reasonableness of the fees that Sery incurred throughout the litigation. As the burden is upon the party seeking fees to justify recovery of the litigation expenses sought, *Blum*, 465 U.S. at 895 n.11, the prevailing attorney bears the responsibility of making sure that records in support of fee requests comport with the requirements of the Circuit. This obligation exists even when the attorney has been paid by his client throughout the litigation, particularly where, as here, there is a claim for reasonable attorneys' fees in the Complaint. *See CARCO GROUP*, 718 F.3d at 86 (citing *Krear*, 810 F.2d at 1263; *Equitable Lumber*, 38 N.Y.2d at 521). The attorney also bears the responsibility of ensuring that his client's fee application overall conforms to the requirements of the Circuit. Collins has failed to do so, and consequently the Court is unable to determine the reasonableness of a majority of the requested fees.

### a. Fees After October 21, 2014

Collins produced no record of the actual time he spent on the case after October 21, 2014 (around the time that discovery was completed), at which point he indicated that Sery began to pay him "flat fee payments." (*Id.* at ¶ 2.) Because the Second Circuit has long required contemporaneous time records to support an application for reasonable attorneys' fees, and Sery has provided no reason for the Court to deviate from this "strict rule," the Court declines to

award fees for any work performed by Collins after October 21, 2014. *Scott*, 626 F.3d at 133 (citing *Carey*, 711 F.2d at 1154). *See also Scott v. City of New York*, 643 F.3d 56, 59 (2d Cir. 2011) (emphasizing that while the Court may consider docket entries and other Court records when counsel has failed to submit contemporaneous time records, "the onus of gathering [such records], if any, is on the applying attorney, not the district court.")

The Court calculates that Sery paid Collins over $124,000[1] in fees that Collins has failed to explain in any way. If Collins had billed his regular rate of $400 per hour, this sum would represent 310 expended hours, the equivalent of nearly eight full-time weeks. Given the relatively straightforward nature of Sery's claims and the facts proven at trial, the Court would likely find this unreasonable, even with supporting records. Collins's explanation that the "flat fee" arrangement was designed to "make it more affordable" to Sery raises further concerns. In any event, because Collins has failed to supply any record of the time expended after October 21, 2014, Sery's request for reimbursement of Collins's fees incurred after that date is **DENIED**.

    **b.**    **Fees Before October 21, 2014**

        **(1)**    **Contemporaneous Time Records**

The Court thus turns to the period of time for which Collins did submit contemporaneous billing records, which spans from February 11, 2013, through October 21, 2014. (Doc. No. 89, Ex. 2.) Collins explains that this document

> …is an hourly calculation of the time incurred based on my invoices from commencement of the action through discovery (i.e. based on what I manually kept track of so, if anything, it is an under-reporting of actual time since I did not log in every minute of every random phone conversation or email received or sent, etc.)[.]

---

[1] Both Collins and Sery affirm that Sery paid Collins a total of $166,000 over the course of the litigation. (Doc. Nos. 89, 90.) As explained below, $35,300 is supported by contemporaneous time records, and $6,316.37 represents costs. This leaves $124,383.63 in unsupported fees.

(*Id.* at ¶ 3(b).) "So long as an attorney 'made contemporaneous entries as the work was completed, and ... [his] billing was based on these contemporaneous records,' *Carey* is satisfied." *Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 149 (2d Cir. 2014) (quoting *Cruz v. Local Union No. 3, Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1160 (2d Cir. 1994).) Although Collins's explanation of his billing system is imprecise, the Court finds that his explanation and documentation satisfy the contemporaneous recordkeeping requirement of *Cary*.

### (2) Hourly Rate

In support of the reasonableness of his hourly rate of $400 and $500 for court appearances, Collins alleges only that "[a]s a lawyer with 30+ years of experience I have been advised that my hourly rate is at the low end of the range so it would certainly be considered reasonable." (Doc. No. 89 at ¶ 2.) Collins submitted no details about this thirty years of experience, the number of cases he worked on or tried, or even his area of expertise. *Blum*, 465 U.S. at 895 (the prevailing attorney bears the burden of justifying the reasonableness of his hourly rate and demonstrating "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation"). He did, however, submit his retainer letter as evidence, in which Sery agreed to pay him "$400 per hour for [his] services ($500 per hour for courtroom time)." (Doc. No. 89, Ex. 1.) The rate that the client actually agreed to pay, while not dispositive, is persuasive evidence of "the rate a paying client would be willing to pay." *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2007) ("a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively"). As $400 per hour is in line with other fee awards in this district,[2] I find that $400 is a reasonable rate for

---

[2] *See, e.g., Muñoz v. Manhattan Club Timeshare Ass'n*, 11-CV-7037 (JPO), 2014 U.S. Dist. LEXIS 132166, *10 (S.D.N.Y. Sept. 18, 2014) (finding $400 per hour reasonable for an attorney with twenty years in practice); *Imbeault*

7

Collins. Because, however, Collins has failed to designate hours billed as "courtroom time" in his fee application, I will apply the $400 per hour rate to all of his billed hours.

### (3)   Hours Expended

Collins submitted time records for 88.25 billed hours. The Court initially notes that Collins has engaged in "block billing." "While "block-billing" is disfavored and may lack the specificity required for an award of attorneys' fees, it is 'not prohibited in this Circuit' as long as the Court can determine the reasonableness of the work performed." *Zimmerman v. Portfolio Recovery Assocs., LLC*, 09 Civ. 4602 (PGG), 2013 U.S. Dist. LEXIS 174182, *33 (S.D.N.Y. Dec. 11, 2013) (quoting *Rodriguez v. McLoughlin*, 84 F. Supp. 2d 417, 425 (S.D.N.Y. 1999)). Here, many of the time records lack sufficient specificity for the court to determine whether the hours expended on each task were reasonable. For example, on December 17, 2013, the record notes: "e Esq. (2nd set and dep dates)," billed for 2.25 hours; on February 5, 2014: "dep prep/outline; rw new docs, t/c & send fed ex to Esq." billed for 4.25 hours; and dozens of entries indicating "e Sery" or "e Esq." without further explanation of the purpose of the emails. (Doc. No. 89, Ex. 2.) Collins himself concedes that the records are not a fully precise representation of his time, in that he "did not log in every minute of every random phone conversation or email received or sent[.]" (Doc. No. 89 at ¶ 3(b).) In similar circumstances, "Courts have found it appropriate to cut hours across the board by some percentage." *LV v. New York City Dep't of Educ.*, 700 F. Supp. 2d 510, 526 (S.D.N.Y. 2010) (citing to multiple decisions reducing hours for similar billing practices). The court therefore finds it appropriate to reduce Collins's lodestar by 20 percent.

---

*v. Rick's Cabaret Int'l Inc.*, 2009 U.S. Dist. LEXIS 71562, *11 (S.D.N.Y. Aug. 13, 2009) (finding $400 per hour reasonable for an attorney with thirteen years in practice); *Simmonds v. N.Y. City Dep't of Corr.*, 06 Civ. 5298 (NRB) 2008 U.S. Dist. LEXIS 74539, *17 (S.D.N.Y. Sept. 15, 2008) ($425 reasonable for attorneys with approximately thirty years in practice).

8

The Court therefore awards Sery a fee of **$28,240[3]** for the work performed by Collins.

## 2.     McFaden Law Group Fees

Sery submitted an invoice from the McFaden Law Group showing that he incurred a total bill of $8,402.50, of which $665 represented costs and $7,737.50 represented attorneys' fees. (Doc. No. 90, Ex. 1.) The invoice is accompanied by what appears to be contemporaneous time records showing a total of 25 hours of work spent reviewing Sery's case and filing the first Complaint. (*Id.*) Because many of these efforts were duplicated when Collins was substituted as counsel, and because Sery has provided no explanation of why the substitution was reasonable, I find that Sery is not entitled to an award attorneys' fees for work performed by the McFaden Law Group.

## 3.     Costs

Sery alleges that he incurred a total of $13,982.80 in additional costs. (Doc. No. 90.) Of this, $6,835 consists of fees paid to three different private investigators for "services related to [the] case." (*Id.*) Sery submitted invoices demonstrating that he did actually incur these charges for services such as "searches seeking information regarding [Defendant] David C. Medina's deceased father and criminal history" and searches for "bank accounts and brokerage accounts" for Defendants. (*Id.*, Ex. 2.) Some invoices merely indicate that the services were incurred in relation to this case. Sery does not explain how these services were reasonable in the context of the litigation, nor is their reasonableness apparent from the Court's review of the record. *See Lora v. J.V. Car Wash, Ltd.*, 2015 U.S. Dist. LEXIS 99444, *54 (S.D.N.Y. July 24, 2015) (granting plaintiff's request for private investigator costs when plaintiff provided a credible explanation for the need for background checks on defendants and "to assess the seriousness of

---

[3] To calculate the lodestar, the Court multiplied 88.25 hours by the reasonable hourly rate of $400 to reach $35,300. After subtracting 20 percent ($7,060) for block billing, the reasonable attorneys' fee is $28,240.

9

defendants' bankruptcy threats"). Accordingly, Sery's request for reimbursement of costs associated with hiring private investigators is denied.

Sery's remaining costs are $1,333.66, comprising the filing fee, fees for service of process, printing and copies, and costs associated with presenting evidence for trial. In addition, Collins attached invoices to his declaration showing that $5,698.80 was paid to court reporters for the deposition transcripts of the named defendants. (Doc. No. 89, Ex. D at 4-5.) I find these costs to be reasonable. The Court notes that there are $613.57 in costs integrated into Collins's contemporaneous time records, which Sery has not included in his cost request. While some of these costs may be compensable, Collins's records do not describe them with sufficient specificity for the Court to determine their reasonableness. (For example, "Fedexkinko-disc copies" for $369.67.) (Doc. No. 89, Ex. 2.)

Accordingly, Sery is awarded **$7,032.46** in costs.

## IV. CONCLUSION

For the foregoing reasons, Sery's motion for attorneys' fees is **GRANTED** in part and **DENIED** in part. Based on the records submitted to the Court, the Court finds that Sery is entitled to an award of attorneys' fees in the amount of **$28,240** and costs in the amount of **$7,032.46**.

**SO ORDERED this 10th day of June 2016**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**